## Samuel P. Parmly v. Uriah B. Ferris and John H. Brown.

1. JUDGMENT—*Against the Preponderance of the Evidence.*—Where the clear preponderance of evidence is against the finding, the judgment based upon it will be reversed.

Parmly v. Ferris.

Assumpsit, for the price of laying a walk.    Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1896.    Reversed and remanded. Opinion filed March 8, 1897.

HECKMAN & ELSDON, attorneys for appellant.

DAVIDSON & TRUMBO, attorneys for appellees.

## STATEMENT OF THE CASE.

This was an action in assumpsit, brought by the appellees in the Circuit Court of Cook County on the 12th day of June, 1894, to recover the contract price for laying 2,250 square feet of cement sidewalk, at eighteen cents per square foot.  The contract arose from a written proposition of appellees, which was verbally accepted by Parmly Brothers, a firm composed of the appellant and one Henry C. Parmly, now deceased, which proposition was as follows :

"CHICAGO, June 26, 1891.
Parmly Brothers :
We propose to furnish all the labor and material necessary to complete the cement sidewalk six feet wide, on Seventy-sixth street, along your lot number 74, according to the specifications, plans and requirements of the city of Chicago, and complete the same in a first-class manner, including the packing, ramming or settling with water the loose sand  filling, now being put in by Mr. Brown, for the sum of eighteen cents per square foot, and to guarantee the same for a term of ten years.

Very truly,
U. B. FERRIS.
JOHN H. BROWN."

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question in the court below was:  Did appellees comply with their contract?

The work was to be completed in a first-class manner.

One of appellees testified that he did not say it was a

first-class sidewalk; that it was a fair, ordinary walk, such as is being laid in Chicago by thousands.

Another witness for appellees testified that the walk, when finished, appeared to be a good, fair walk, as good as is usually built; in good condition every way.

The clear proponderance of the evidence is that the walk was never completed according to the contract.

The testimony as to the insufficiency of the walk is such that the opposing testimony was greatly overcome.

The judgment of the Circuit Court is reversed, and the cause remanded.